IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FERMIN HEREDIA-LOPEZ,<br><br>　　　　　　Defendant. | 8:20CR20<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　On February 19, 2021, defendant Fermin Heredia-Lopez ("Heredia-Lopez") pleaded guilty pursuant to a written plea agreement (Filing No. 53) to conspiring to distribute and possess with intent to distribute large quantities of methamphetamine and cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. In accordance with the terms of the parties' plea agreement, the Court sentenced him to 210 months in prison followed by 5 years of supervised release after determining he did not qualify for safety-valve relief under 18 U.S.C. § 3553(f) and United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5C1.2. *See* Fed. R. Crim. P. 11(c)(1)(C) (making certain terms binding "once the court accepts the plea agreement").

　　　　After sentencing, Heredia-Lopez was transferred (Filing No. 87) to the custody of the Federal Bureau of Prisons ("BOP"). While in BOP custody, he had one disciplinary report for using alcohol or drugs and completed a drug-education program.

　　　　On August 25, 2023, Heredia-Lopez was transferred by consent to a prison in Guasave Sinaloa, Mexico, pursuant to the International Treaty Transfer Program between the United States and Mexico. *See* Treaty on the Execution of Penal Sentences (the "Treaty"), Mex.-U.S., Nov. 25, 1977, T.I.A.S. No. 8718; 18 U.S.C. § 4102(2) (authorizing the Attorney General to transfer certain prisoners "to foreign countries of which they are citizens or nationals" when a treaty is in place). That treaty provides in

part, "Sentences imposed in the United States of America on nationals of the United Mexican States may be served in penal institutions or subject to the supervision of the authorities of the United Mexican States in accordance with the provisions of this Treaty." Treaty, Art. I ¶ 2. Other provisions describe the general procedures for transferring a prisoner and executing the remainder of their sentence. *See*, *e.g.*, Treaty, Art. IV ¶ 7 (requiring the transferring state to provide certain information, including the offense of conviction, "the duration of the sentence, the length of time already served[,] . . . any credits to which the offender is entitled," and "a certified copy of the sentence handed down by the competent judicial authority and any modifications thereof"); Treaty, Art. V ¶ 2 (stating that "the completion of a transferred offender's sentence shall be carried out according to the laws and procedures of the [r]eceiving [s]tate, including the application of any provisions for reduction of the term of confinement by parole, conditional release or otherwise"). The Attorney General—and in turn—the BOP are responsible for performing the United States's obligations under the Treaty and its implementing legislation. *See* 18 U.S.C. § 4102(2); 28 C.F.R. §§ 527.40 (discussing the BOP's role in the transfer process), 527.46 (describing its procedures).

Soon after Heredia-Lopez's transfer, the United States Sentencing Commission amended the Guidelines in a way that impacted his sentence (Filing Nos. 88, 92). Accordingly, Heredia-Lopez filed two *pro se* motions to reduce his custodial sentence (Filing Nos. 89, 90).

First, Heredia-Lopez moved pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on the retroactive amendments to U.S.S.G. § 4C1.1 (Filing No. 89). The government and the federal public defender appointed to assist Heredia-Lopez with that motion stipulated (Filing Nos. 91, 92) "that the retroactive amendment to the Sentencing Guidelines, Amendment 821, change[d] the total adjusted offense level in [Heredia-Lopez's] case from 37 to 35" and reducing his advisory Guideline "range from 210 to 262 months to 168 to 210 months' imprisonment." The parties agreed his "new, reduced

sentence . . . should be 168 months based on the prior computation of specific offense characteristics, adjustments, and any departures." In line with that stipulation, the Court granted Heredia-Lopez's motion and reduced his prison sentence from 210 to 168 months on October 11, 2024 (Filing No. 93). *See* Treaty, Art. VI (giving the transferring state "exclusive jurisdiction over any proceedings, regardless of their form, intended to challenge, modify or set aside sentences handed down by its courts"); 18 U.S.C. § 3244(1) (similar).

Now pending before the Court is Heredia-Lopez's second motion for a sentence reduction (Filing No. 90), which he asserts arises under 18 U.S.C. § 3624(b), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 3624(b) generally provides that a federal prisoner serving a prison term of more than one year but less than life "may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court" if the BOP determines "that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." The First Step Act further "provides that an eligible prisoner may earn time credits if he successfully participates in certain evidence-based recidivism reduction programs or productive activities." *Giovinco v. Pullen*, No. 23-251, 2024 WL 4438759, at *1 (2d Cir. Oct. 8, 2024) (citing 18 U.S.C. § 3632(d)(4)); *see also* 18 U.S.C. § 3624(g)(3) (authorizing the BOP to apply First Step Act time credits to reduce a prisoner's custodial term by up to twelve months); 28 C.F.R. § 523.42 (Earning First Step Act Time Credits), § 523.44 (Application of FSA Time Credits).

In his motion, Heredia-Lopez states he seeks a "reduction of Sentence of 365 day[s] based on the Credit of the 'First step Act.'" Reporting he (1) has "participated in all required activities[,] programs[,] and job Capacitations [sic] [his] institution provides," (2) has "no bad reports," priors, or history of misconduct, and (3) is "enrolled in high school (adult education) and currently working," Heredia-Lopez states he "would

3

like to have [his] time assessment credit reviewed to verify that [he is] a resident low and" eligible for sentencing credit under the First Step Act.

The Court commends Heredia-Lopez's efforts while incarcerated but finds this is not the proper forum to hear his request for First Step Act time credits. *Cf. United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (explaining a prisoner seeking jail-time credit must "exhaust his administrative remedies by first presenting his claim to the" BOP before seeking habeas relief in an appropriate district court). The BOP—not this Court—is responsible for assigning time credits and reporting such credits and any sentencing modifications to the receiving state. *See, e.g.*, 18 U.S.C. §§ 3624(b), 4102; 28 C.F.R. § 0.96b; *Giovinco*, 2024 WL 4438759, at *1 ("The FSA tasks the BOP with administering the FSA time credit program under the supervision of the Attorney General.") (citing 18 U.S.C. §§ 3621(h), 3631); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3-*4 (5th Cir. Jan. 12, 2024) (per curiam) (affirming the BOP's determination that a prisoner "was not eligible to earn FSA time credits"); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (unpublished per curiam) (same).

Put simply, Heredia-Lopez should submit his request for a review of his eligibility for First Step Act time credit to the BOP in the first instance. He may also want to follow up with prison authorities at his facility in Mexico to determine the best way forward under the conditions of his transfer. Depending on the result of those efforts, Heredia-Lopez may be able to seek relief pursuant to 28 U.S.C. § 2241 in an appropriate district court. *See Chappel*, 208 F.3d at 1069.

Based on the foregoing,

IT IS ORDERED:

1. Defendant Fermin Heredia-Lopez's motion for a sentence reduction (Filing No. 90) is denied without prejudice.
2. Heredia-Lopez must submit any request for review of his eligibility for First Step Act time credits to the Bureau of Prisons.
3. The Clerk of Court is directed to send a copy of this Memorandum and Order to Heredia-Lopez at his address of record in Mexico.
4. The United States Probation and Pretrial Services Office is directed to send a copy of this Memorandum and Order and the Court's October 11, 2024, Order Reducing Heredia-Lopez's sentence (Filing No. 93) to the appropriate authorities at the Bureau of Prisons to ensure proper handling of his sentence reduction in conjunction with prison authorities at his facility in Mexico.

Dated this 30th day of October 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge